**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CECIL BRINKER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>THE KRAFT HEINZ FOODS COMPANY and DOES 1–10, inclusive,<br><br>      Defendants. | Case No. _____<br><br>City of St. Louis Circuit Court No. 2422-CC00690<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant The Kraft Heinz Foods Company ("Kraft Heinz") hereby effects the removal of this action from the Circuit Court for the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiff filed this lawsuit in the Circuit Court of the City of St. Louis, Missouri on April 18, 2024. *See* Ex. 1 ("Pet."). Kraft Heinz waived service on April 24, 2024. *See* Ex. 2.

2. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the state court case file is attached and incorporated by reference. The Petition is attached as Exhibit 1, the Notice of

Waiver of Service is attached as Exhibit 2, and all other documents in the state court case file are attached as Exhibit 3.

3. Plaintiff alleges that Kraft Heinz mislabels certain products sold under the Kraft Mac & Cheese brand (the "Products") by labeling them with the phrase "No Artificial Flavors, Preservatives, or Dyes." Pet. ¶ 1. Plaintiff alleges that this representation is false because the Products contain citric acid, which Plaintiff characterizes as "a well-known synthetic preservative in food." *Id.*; *see also id.* ¶ 2 ("Because of the presence of citric acid which functions as a preservative in the Products, the claim 'No Artificial Flavors, Preservatives, or Dyes,' is false.").

4. Plaintiff alleges that, had he "known that the False Claims were false," he "would not have purchased the Products or would not have paid as much for the Products." *Id.* ¶ 73. In other words, he alleges that he "was damaged in the amount of the difference between the cost paid for the Products as represented . . . and the actual value of the Products to consumers seeking products without preservatives." *Id.* ¶ 91.

5. Based on these allegations, Plaintiff asserts claims against Kraft Heinz for breach of warranty, breach of implied contract, unjust enrichment, and "violation of the MMPA [Missouri Merchandising Practices Act, Rev. Mo. Stat. §§ 407.020 *et seq*.] and other consumer protection laws." *See id.* ¶¶ 98–140. Plaintiff purports to assert this claim on behalf of a putative class including "[a]ll persons who purchased the Product during the Class Period while in one of the specific states listed *infra* having consumer protection statutes materially-identical to the MMPA ('Consumer Protection States')," as well as a putative subclass of Missouri consumers. *Id.* ¶ 16. The Petition defines the "Consumer Protection States" to include Alabama, Arizona, Delaware, Georgia, Hawaii, Idaho, Kansas, Missouri, Ohio, Oklahoma, Tennessee, and Virginia, and it

defines the "Class Period" as the five years preceding the filing of the Petition (*i.e.*, April 18, 2019 through April 18, 2024). *See id.* ¶¶ 16, 136.

6. Plaintiff seeks "compensatory damages, restitution, punitive damages, and attorneys' fees, and such further relief as the Court deems just, including injunctive relief." Prayer for Relief. He specifically alleges that he and other class members are "entitled to restitution of *all* funds improperly obtained by Defendants." Pet. ¶ 133 (emphasis added).

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

7. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). "There is no presumption against federal jurisdiction in class action cases" under CAFA. *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous

8. Plaintiff alleges that "the Class and Subclass includes at least tens-of-thousands of individuals on a multiple-state basis, making their individual joinder impracticable." Pet. ¶ 17. Moreover, retail scan data obtained from Circana confirms that Kraft Heinz sold tens of millions of units of the Products in the St. Louis and Kansas City metropolitan areas alone during the putative class period, which supports a reasonable inference that the class includes at least 100 class members. That satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(ii).

**The Parties Are Minimally Diverse**

9. CAFA permits removal so long as any plaintiff is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(a). In other words, CAFA requires only "minimal diversity," rather than complete diversity. *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006).

10. Plaintiff alleges that he is a "citizen and resident of St. Louis, Missouri." Pet. ¶ 9.

11. Kraft Heinz Foods Company is a limited liability company that is organized under the laws of the Commonwealth of Pennsylvania and co-headquartered in Pittsburgh, Pennsylvania and Chicago, Illinois. Kraft Heinz Foods Company's members are Kraft Heinz Intermediate Corporation II and HJH Development Corporation, which are both corporations organized under the laws of the State of Delaware with their principal place of business in Pittsburgh, Pennsylvania.

12. Accordingly, CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Missouri, while Kraft Heinz is a citizen of Delaware, Illinois, and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State . . . where it has its principal place of business").

**There Is At Least $5,000,000 In Controversy**

13. "[W]hen determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (citation and internal quotation marks omitted); *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (same); *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969) ("Jurisdiction is measured by the amount properly pleaded as of the time of the suit, not by the end result.").

14. "A court determines the amount in controversy by aggregating the claims of all proposed class members." *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197,

4

1199 (W.D. Mo. 2013); *see also* 28 U.S.C. § 1332(d)(6); *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (directing courts to assess the amount in controversy by "adding up the value of the claim of each person who falls within the definition of the proposed class"). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas*, 719 F.3d at 888; *see also Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (same); *cf. Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (holding that the amount-in-controversy standard is satisfied if the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold").[1]

15.    Plaintiff seeks, among other remedies, "restitution of all funds improperly obtained by [Kraft Heinz]." Pet. ¶ 133. It is well-established that "[t]he total amount of sales can be a measure of the amount in controversy." *Brunts*, 68 F.4th at 1094; *see Raskas*, 719 F.3d at 888 (holding that "sales figures are sufficient to establish the amount in controversy" in a false advertising case brought under the MMPA). Because the putative class period extends from April 18, 2019 through April 18, 2024 (*see* Pet. ¶ 16), the Petition places all sales of the Products during this period in controversy.

---

[1] The Supreme Court and the Eighth Circuit have both held that "[e]vidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) ("A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction."). To the extent there is any dispute as to the amount in controversy, Kraft Heinz expressly reserves the right to submit evidence substantiating its allegations as to the amount in controversy. *See Pudlowski*, 829 F.3d at 965 (holding that courts must "consider postremoval evidence" in assessing whether a lawsuit satisfies CAFA's amount-in-controversy requirement).

16. Kraft Heinz has access to retail scan sales data through Circana (formerly known as IRI), which collects retail sales data for major metropolitan areas. Circana's sales data shows that, from January 1, 2020 through December 31, 2023 (which is entirely within the putative class period), retail sales of the Products totaled well over $100 million in the St. Louis and Kansas City metropolitan areas alone. These figures significantly understate total sales in Missouri during the putative class period, as they do not include e-commerce sales, sales through Costco and certain other retailers, sales of the Products in areas of Missouri outside the St. Louis and Kansas City metropolitan areas, sales of the Products between April 18, 2019 and January 1, 2020, and sales of the Products between January 1, 2024 and April 18, 2024. These figures also do not include sales in the other ten "Consumer Protection States" whose consumers make up the putative class in this lawsuit.

17. Plaintiff also seeks attorney's fees pursuant to the MMPA. *See* Prayer for Relief. Those fees are properly considered as part of the amount in controversy for purposes of determining federal jurisdiction. *See Raskas*, 719 F.3d at 887–88; *Harrington*, 42 F. Supp. 3d at 1201 (considering amount of potential attorney's fees and punitive damages in determining the amount in controversy where the plaintiffs alleged causes of action under the MMPA).

18. Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See, e.g.*, *Harrington*, 42 F. Supp. 3d at 1201 (applying a "standard 33% attorney's fee to the Class's compensatory damages" for purposes of determining the amount in controversy related to the plaintiff's MMPA claim). In other words, Plaintiff's request for attorney's fees increases the potential amount in controversy by at least one third, if not more.

19. Plaintiff also seeks punitive damages, which the MMPA permits a prevailing plaintiff to recover. *See* Prayer for Relief. The Eighth Circuit has made clear that courts may

consider potential punitive damages in assessing the amount in controversy. *See Raskas*, 719 F.3d at 887–88; *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).

20. Missouri law permits punitive damages up to "the greater of: (1) $500,000; or (2) five times the combined sum of actual damages and attorney's fees." *Harrington*, 42 F. Supp. 3d at 1199 (citations omitted); *see generally* Mo. Rev. Stat. § 510.265.1. The potential availability of punitive damages therefore increases the amount in controversy—which already exceeds $5 million without punitive damages—by a factor of five.

21. When aggregated, Plaintiff's potential recovery of compensatory damages, attorney's fees, and punitive damages readily exceeds $5 million, which readily satisfies CAFA's amount-in-controversy requirement. *See* 28 U.S.C. §§ 1332(d)(2); 1332(d)(6).

## VENUE IS PROPER

22. Venue is proper because Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri, which is located in the Eastern District of Missouri. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 105(a)(1) (noting that the Eastern Division of the Eastern District of Missouri encompasses the City of St. Louis). Further, venue is proper because Plaintiff allegedly purchased the Products at Walmart stores in Maplewood, Missouri, such that a substantial part of the events or omissions giving rise to his claim occurred in the Eastern District of Missouri. *See* Pet. ¶¶ 80–81; 28 U.S.C. § 1391(b)(2).

## REMOVAL IS TIMELY

23. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and the Petition. Plaintiff effected

service of the Petition on April 24, 2024, fewer than thirty days before filing this Notice of Removal. *See* Ex. 2. This Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

24. Kraft Heinz has not filed any responsive pleadings or any papers responding to the Petition in the Circuit Court.

25. Kraft Heinz will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Circuit Court as required by 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Kraft Heinz hereby gives notice of the removal of this action from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

**HAAR & WOODS, LLP**

By: /s/ Lisa A. Pake
Lisa A. Pake - 39397MO
1010 Market St., Suite 1620
St. Louis, Missouri 63101
(314) 241-2224
(314) 241-2227 (fax)
lpake@haar-woods.com

*Attorneys for Defendant The Kraft Heinz Foods Company*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court and was sent to the following recipient via first-class mail, postage prepaid, on this 20th day of May 2024 upon:

Daniel F. Harvath, #57599MO
HARVATH LAW GROUP, LLC
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com

*Attorney for Plaintiff*

                                                   /s/ Lisa A. Pake